# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JILL ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:06-cv-00698-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Jill Anderson's ("Plaintiff") appeal of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## RELEVANT BACKGROUND

On July 3, 2003, Plaintiff filed for SSI, alleging disability based on a pinched nerve, a herniated disc, and arthritis.[2] Her applications were denied initially and upon reconsideration.[3]

---

[1] On February 12, 2007, Michael J. Astrue (the "Commissioner") was sworn in as the Commissioner of Social Security. Accordingly, he has been automatically substituted for Jo Anne B. Barnhart as the defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] *See* docket no. 6, Administrative Record ("Tr. _____"), 101-03, 130.

[3] *See* Tr. 59-60.

On November 16, 2005, a hearing was held before an Administrative Law Judge (the "ALJ").[4] The ALJ issued a written decision on January 26, 2006, determining that Plaintiff was not disabled under the Social Security Act because she retained the residual functional capacity ("RFC") to perform work at the light level of exertion, with the ability to lift twenty pounds occasionally and ten pounds frequently; the ability stand and/or walk for a total of six hours in an eight-hour workday; the ability sit for a total of six hours in an eight-hour workday; unlimited ability to push and/or pull; and the ability to occasionally climb, balance, kneel, crawl, stoop, or crouch.[5]  The Appeals Council denied Plaintiff's request for review of that decision, making it the Commissioner's final decision in this case for purposes of judicial review.[6]  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On August 21, 2006, Plaintiff filed her complaint in this case, which was originally assigned to former District Judge Paul G. Cassell.[7]  On November 13, 2007, the case was reassigned to District Judge Ted Stewart,[8] who then referred it to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[9]  Thereafter, in response to a court order,[10] both

---

[4]  *See* Tr. 289-318.

[5]  *See* Tr. 10-21.

[6]  *See* Tr. 3-5.

[7]  *See* docket no. 3.

[8]  *See* docket no. 11.

[9]  *See* docket no. 12.

[10]  *See* docket no. 13.

2

parties consented to having a Magistrate Judge conduct all proceedings in the case, including

entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11]

Accordingly, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C.

§ 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12]

        The Commissioner filed his answer to Plaintiff's complaint on December 6, 2006,[13] and

the court received the Administrative Record that same day.[14]  Plaintiff filed her opening brief on

May 1, 2007.[15]  The Commissioner filed his responsive brief on May 31, 2007.[16]  Plaintiff filed

her reply brief on June 21, 2007.[17]

## STANDARD OF REVIEW

        This court "review[s] the Commissioner's decision to determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and

citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a

------

    [11]  *See* docket no. 15.

    [12]  *See id.*

    [13]  *See* docket no. 5.

    [14]  *See* docket no. 6.

    [15]  *See* docket no. 7.

    [16]  *See* docket no. 9.

    [17]  *See* docket no. 10.

3

reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)–(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## <u>ANALYSIS</u>

Plaintiff makes five arguments in support of her claim that the Commissioner's decision should be reversed. Plaintiff argues that the ALJ erred in her (1) analysis under step three of the evaluation process; (2) evaluation of the opinions of Plaintiff's treating physician; (3) evaluation

of Plaintiff's credibility; (4) assessment of Plaintiff's RFC; and (5) determination that Plaintiff could return to her past relevant work.  The court will address each argument in turn.

## I.  Step Three

Plaintiff argues that the ALJ erred by failing to conduct a proper analysis under step three. Plaintiff contends that the ALJ's review of the medical evidence was inadequate, as was her reasoning in support of her step-three conclusion.  Plaintiff also claims that the ALJ and the Appeals Council both erred by failing to call on a medical expert to address the question of medical equivalence.

### A.  Analysis Under Step Three

In her analysis under step three, the ALJ specifically listed the requirements of section 1.04 ("listing 1.04") of Appendix 1 of the relevant regulations ("listings").[18]  *See* 20 C.F.R. § 404, Subpart P, Appendix 1.  After summarizing the relevant medical evidence, the ALJ concluded that there was no medical evidence in the record to satisfy the requirements of listing 1.04.[19]  The ALJ went on to conclude that Plaintiff did not meet or equal the requirements of any of the listings, including listing 1.04.[20]

Contrary to Plaintiff's assertion, the court is not presented with the type of bare conclusion under step three faced by the court in *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.

---

[18]  *See* Tr. 16.

[19]  *See id*.

[20]  *See id*.

1996).  The ALJ adequately reviewed the evidence (or lack thereof) in this case, specifically set forth the requirements of listing 1.04, and provided adequate reasoning for her conclusion that Plaintiff's impairments did not meet those requirements.

Further, as noted by the Commissioner, it was Plaintiff's burden to establish disability under the listings.  *See Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988); *Hendrix v. Barnhart*, 313 F. Supp. 2d 1222, 1230 (D. Utah 2004).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  After reviewing the ALJ's decision and the relevant portions of the record, the court concludes that Plaintiff failed to carry her burden at step three to demonstrate that her impairments met or equaled the requirements of any of the listings.

At the outset of her analysis under step three, the ALJ stated:

> At the hearing, [Plaintiff]'s attorney contended that [Plaintiff] met listing 1.04 but could not provide specific information or objective evidence to support this assertion.  He stated that he would send in a brief delineating his reasons for this contention within seven days of the hearing.  However, no brief has been received.[21]

Without even acknowledging or addressing that statement, Plaintiff now claims that ALJ relied upon only selected portions of the medical evidence that were favorable to a determination that Plaintiff was not disabled; made a cursory review of that medical evidence; and concluded,

---

21  *Id*.

7

without adequate reasoning, that Plaintiff's impairments did not meet or equal the requirements of any of the listings.

Plaintiff does not, however, point to the specific evidence that the ALJ failed to consider and demonstrate how that medical evidence supports a finding that Plaintiff meets or equals the requirements of any of the listings.  Instead, Plaintiff merely cites some of the medical evidence in the record, most of which was specifically considered by the ALJ in her decision.  Further, Plaintiff fails to demonstrate how that evidence supports a finding that Plaintiff's impairments meet or equal the requirements of any of the listings, including listing 1.04.  The court is left to conclude that Plaintiff has not done so because the medical evidence she has cited does not establish that Plaintiff's impairments meet or equal the requirements of any of the listings, including listing 1.04.  Further, after reviewing the relevant medical evidence of record, the court agrees with the ALJ's determination that none of that evidence reveals any of the three conditions (nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis) required to meet the requirements of listing 1.04.

Based upon the foregoing, the court concludes that Plaintiff failed to carry her burden at step three.  The court has also determined that the ALJ conducted the proper analysis under step three by discussing the evidence, setting forth the requirements of the relevant listing, and providing adequate reasoning for her conclusion that Plaintiff's impairments did not meet or equal any of the listings, including listing 1.04.

**B.  Medical Expert**

Plaintiff also argues that the ALJ and the Appeals Council both erred under step three by failing to call on a medical expert to address the question of medical equivalence.  Plaintiff bases this argument on Social Security Ruling ("SSR") 96-6p.  Plaintiff contends that SSR 96-6p requires the ALJ and the Appeals Council to obtain an updated opinion from a medical expert on medical equivalence when additional evidence may change the State agency consultant's finding that the impairments are not equivalent in severity to an impairment in the listings.  That argument fails.

In relevant part, SSR 96-6p provides that the ALJ and the Appeals Council must obtain an updated opinion from a medical expert "[w]hen additional medical evidence *is received* that *in the opinion of the [ALJ] or the Appeals Council*[,] may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the [l]isting[s]."  SSR 96-6p (emphasis added).  Plaintiff has failed to address, or even acknowledge, the language emphasized above.  Plaintiff has failed to indicate if the "additional evidence" she references was actually received and before either the ALJ or the Appeals Council.  In addition, Plaintiff has failed to identify the substance of that "additional evidence" or demonstrate how it should have changed the ALJ's or the Appeals Council's views of the State agency medical consultants' findings concerning medical equivalence.  Finally, given that neither the ALJ nor the Appeals Council chose to obtain an updated medical opinion, it is reasonable to assume that neither was of the opinion that it was necessary under SSR 96-6p.  For

these reasons, the court is satisfied that the ALJ and the Appeals Council satisfied the requirements of SSR 96-6p.

In sum, the court concludes that the ALJ did not err with respect to step three of the evaluation process.  Accordingly, Plaintiff's arguments concerning step three fail.

## II.  Treating Physician

Plaintiff argues that the ALJ improperly rejected the opinion of one of her treating physicians, Dr. Gregoire.  Because Dr. Gregoire is one of Plaintiff's treating physicians, his opinions are entitled to controlling weight if they are well supported and are not inconsistent with other substantial evidence in the record.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *see also* 20 C.F.R. § 416.927(d)(2).  At the same time, however, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  In addition, "[a] treating physician's opinion may be rejected if his conclusions are not supported by specific findings."  *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (stating that "a treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence").

Plaintiff's claim that the ALJ rejected Dr. Gregoire's opinion is based on the ALJ's conclusion that she would not accept a March 2002 progress note from Dr. Gregoire indicating that Plaintiff should have a restriction of lifting less than ten pounds and should change positions

every thirty minutes.[22]  In reaching that conclusion, the ALJ stated that the March 2002 progress note did not provide any time frame for the restrictions or examination notes to support the restrictions.[23]  The ALJ also noted that the restrictions were not mentioned in any subsequent medical reports and that another one of Plaintiff's treating physicians, Dr. MacKay, provided no physical functional limitations and provided only conservative treatment.[24]  For those reasons, the ALJ concluded that while Dr. Gregoire's opinions were generally consistent with her findings, the restrictions outlined in the March 2002 progress not were "not supported by the overall objective evidence and may relate to a period of exacerbation rather than any ongoing restriction."[25]

In reaching that conclusion, the ALJ properly relied upon the lack of medical evidence, such as examination notes, in support of the restrictions.  *See* 20 C.F.R. § 416.927(d)(3) (providing that opinions will be given more weight when supported by more relevant evidence and more explanation).  The ALJ also properly relied upon the fact that the March 2002 progress note was inconsistent with other record evidence, namely, subsequent medical reports from Dr. Gregoire and Dr. MacKay.  *See* 20 C.F.R. § 416.927(d)(2) (providing that opinion will be given controlling weight when it "is not inconsistent with the other substantial evidence in [the] case record"), (d)(4) (providing that "the more consistent an opinion is with the record as a whole, the

---

[22]  *See* Tr. 19, 219.

[23]  *See* Tr. 19.

[24]  *See* Tr. 19, 281-83.

[25]  Tr. 19.

more weight" it will be given). In doing so, the ALJ complied with her obligation to provide "specific, legitimate reasons" for rejecting the restrictions set forth by Dr. Gregoire in the March 2002 progress note. *Frey*, 816 F.2d at 513. Accordingly, the court concludes that the ALJ did not err with respect to the treatment of Dr. Gregoire's opinions.

### III. Credibility

Plaintiff claims that the ALJ improperly evaluated Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id.* (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

A more specific framework of analysis applies to determining whether Plaintiff's subjective allegations of pain are credible. *See Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). Under that framework, the court must consider "(1) whether [Plaintiff] established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and [Plaintiff's] subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, [Plaintiff's] pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (quoting and citing *Luna*, 834 F.2d at 163-64).

Even assuming that Plaintiff has established the first two elements of that analytical framework, the court still must consider the third element.  *See id*.  Consideration of the "subjective" evidence includes Plaintiff's own testimony and is "evaluated only on the basis of credibility."  *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

> When determining the credibility of pain testimony, the ALJ should consider such factors as the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id*. (quotations and citations omitted); *see also* SSR 96-7p.

Plaintiff argues that the ALJ's entire analysis of Plaintiff's credibility is conclusory and contained in one paragraph of the ALJ's decision.  That argument is both misleading and without merit.  While the ALJ did insert her conclusion about Plaintiff's credibility at the beginning of the section of her decision devoted to discussing credibility, she followed that conclusion with over a page of supporting discussion and reasoning.[26]

In that discussion, the ALJ properly considered several of the above-referenced factors to support her conclusion that Plaintiff's "statements concerning the intensity, duration[,] and limiting effects of [her] symptoms are not entirely credible."[27]  For example, the ALJ noted that

---

[26] *See* Tr. 17-18.

[27] Tr. 17.

13

(1) Plaintiff's assertion that her symptoms precluded all work activity was inconsistent with the record evidence showing her abilities to take care of her own personal needs, perform light housekeeping duties, cook, grocery shop with help, do the dishes, watch television, walk, regularly visit with friends and family, take care of her own finances, and care for her grandchildren on a regular basis;[28] (2) while Plaintiff testified about numerous limiting symptoms, the record did not show that she had previously complained of many of those same symptoms;[29] (3) there were significant gaps in treatment for Plaintiff's impairments;[30] (4) there was evidence suggesting that Plaintiff had failed to follow prescribed treatment for her impairments;[31] and (5) Plaintiff's medical record generally showed mild findings on examination and a continued pattern of conservative treatment with medication and physical therapy.[32]  In considering those factors, the ALJ cited to the specific portions of the record evidence she relied upon.[33]

The court has determined that the ALJ relied upon proper factors in making her specific findings about Plaintiff's credibility.  *See Thompson*, 987 F.2d at 1489; SSR 96-7p.  In addition, the court has reviewed the relevant portions of the record cited by the ALJ in support of her

---

[28] *See id.*

[29] *See id.*

[30] *See id.*

[31] *See id.*

[32] *See* Tr. 19.

[33] *See* Tr. 17-18.

14

credibility findings.[34]  After that review, the court has determined that the cited portions

constitute substantial evidence in support of those findings and that those findings are closely and

affirmatively linked to that substantial record evidence.  *See Kepler*, 68 F.3d at 391.

Accordingly, the court will not disturb the ALJ's conclusion about Plaintiff's credibility.

## IV.  RFC

Plaintiff argues that the ALJ failed to properly determine Plaintiff's RFC.  More

specifically, Plaintiff asserts that the ALJ's RFC determination fails to comply with the narrative

discussion requirement of SSR 96-8p.  *See* SSR 96-8p (providing, in relevant part, that "[t]he

RFC assessment must include a narrative discussion describing how the evidence supports each

conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence

(e.g., daily activities, observations)" and that "[t]he adjudicator must also explain how any

material inconsistencies or ambiguities in the evidence in the case record were considered and

resolved").

Plaintiff contends that the ALJ's RFC determination failed to comply with SSR 96-8p

because it "appears as a conclusion . . . , with no reasoning and no citation to specific facts."[35]

Similar to Plaintiff's argument concerning the ALJ's credibility determination, this argument is

both misleading and without merit.  As she did in the section of her decision dealing with

Plaintiff's credibility, the ALJ inserted her conclusion about Plaintiff's RFC at the beginning of

---

[34]  *See id.*

[35]  Docket no. 7.

the section devoted to discussing Plaintiff's RFC.[36]  She followed that conclusion, however, with

over two pages of supporting discussion and reasoning.[37]

In essence, Plaintiff is asking the court to view the ALJ's supporting discussion as merely

a "summar[y of] the medical evidence."[38]  The court's reading of that discussion, however,

demonstrates that the ALJ not only summarized the medical evidence but also discussed the

"nonmedical evidence (e.g., daily activities, observations)" and "explain[ed] how any material

inconsistencies or ambiguities in the evidence in the case record were considered and resolved."

*Id*.  For example, the ALJ incorporated her credibility determination into her RFC assessment.[39]

As previously noted, that determination included a discussion about the nonmedical evidence

that the ALJ considered in concluding that Plaintiff's testimony was not credible.  The ALJ also

noted in numerous places how she resolved inconsistencies and ambiguities in the record

evidence.[40]  Finally, the ALJ specifically considered the medical opinion evidence in her findings

in support of Plaintiff's RFC.[41]  *See id*. ("The RFC assessment must always consider and address

medical source opinions.").  As previously noted, the ALJ accepted virtually all of that opinion

evidence and provided an adequate explanation for the portions of that evidence that she

---

[36]  *See* Tr. 16.

[37]  *See* Tr. 17-19.

[38]  Docket no. 10.

[39]  *See* Tr. 17-18.

[40]  *See* Tr. 17-19.

[41]  *See* Tr. 19.

rejected.[42]  *See id*. ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  For these reasons, the court concludes that the ALJ complied with SSR 96-8p in determining Plaintiff's RFC.

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence.  Notably, however, Plaintiff has not attempted to demonstrate how the record evidence fails to support the ALJ's RFC assessment.  Instead, Plaintiff ignores the ALJ's discussion immediately following her RFC assessment and asserts that "[t]here is no evidence [upon] which the ALJ even purports to base her [RFC] finding."[43]  Plaintiff then makes the conclusory assertion that the ALJ's RFC findings "are not supported by substantial evidence."[44]  As the court has previously established, Plaintiff's attempts to minimize the ALJ's discussion and reasoning in support of her RFC assessment are not compelling.  Further, after reviewing that discussion and the record evidence, the court concludes that the ALJ's RFC determination is supported by substantial evidence.  *See Lax*, 489 F.3d at 1084.

Based on the foregoing, the court concludes that the ALJ did not err with respect to her assessment of Plaintiff's RFC.

---

[42]  *See id*.

[43]  Docket no. 7.

[44]  *Id*.

## V.  Past Relevant Work

Plaintiff argues that the ALJ erred in her step four analysis by failing to comply with SSR 82-62, as interpreted by *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

In relevant part, SSR 82-62 provides that when an ALJ determines that a claimant has the capacity to perform past relevant work, the ALJ's decision must contain the following three findings of fact:

1.  A finding of fact as to the individual's RFC.
2.  A finding of fact as to the physical and mental demands of the past job/occupation.
3.  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.  That three-phase process has been strictly interpreted and requires "the ALJ himself [to] make the required findings on the record."  *Winfrey*, 92 F.3d at 1025; *see also, e.g.*, *Young v. Apfel*, No. 98-6411, 1999 U.S. App. LEXIS 27918, at *10-13 (10th Cir. Oct. 28, 1999) (unpublished) (reiterating "*Winfrey*'s requirement that the ALJ make his own findings on the record" and reversing based, in part, on the ALJ's failure to make the second finding required by SSR 82-62).

Plaintiff first argues that the ALJ erred with respect to the first finding required by SSR 82-62.  To that end, Plaintiff reasserts the same argument made above concerning the ALJ's determination of Plaintiff's RFC.  The court has already rejected that argument and rejects it again here.  The ALJ's factual findings with respect to Plaintiff's RFC are sufficient to satisfy the first required finding under SSR 82-62.

Plaintiff then argues that the ALJ failed to make either the second or third findings required by SSR 82-62. The court agrees. Nowhere in the ALJ's decision are there any specific factual findings about the physical and mental demands of Plaintiff's past relevant work or about whether Plaintiff's RFC would allow her to return to such work. *See* SSR 82-62. The ALJ did make the bare conclusion that Plaintiff's past relevant work did not require the performance of any work-related activities precluded by Plaintiff's RFC,[45] but without the second required finding, the court is unable to determine whether that conclusion is correct. *See, e.g.*, *Young*, 1999 U.S. App. LEXIS 27918, at *11 (stating that while the ALJ "ostensibly made the finding required at the third step" in the form of a conclusion, "he failed to make the second required finding[] regarding the demands of [the claimant]'s past work, an omission that invalidates the latter finding").

The ALJ's decision states, in essence, that those findings were left to the vocational expert ("VE"). After concluding that Plaintiff was able to perform her past relevant work as an agricultural produce sorter, a waitress, and a housekeeper, the ALJ stated: "The [VE] testified that, based on [Plaintiff's RFC], [Plaintiff] could perform these jobs both as generally and previously performed. The undersigned accepts the [VE]'s testimony as consistent with the *Dictionary of Occupational Titles*."[46] This was improper because it deprived the court of performing any meaning judicial review of those findings. As the *Winfrey* court stated,

----

[45] *See* Tr. 20.

[46] Tr. 20.

19

> Requiring the ALJ to make specific findings on the record at each
> phase of the step four analysis provides for meaningful judicial
> review.  When, as here, the ALJ makes findings only about the
> claimant's limitations, and the remainder of the step four
> assessment takes place in the VE's head, we are left with nothing
> to review.

*Winfrey*, 92 F.3d at 1025.  While it is true that the ALJ asked the VE whether a person that was

capable of light work with occasional postural limitations would be able to perform Plaintiff's

past relevant work,[47] that does not relieve the ALJ of the responsibility of making the specific

findings required by SSR 82-62 and *Winfrey*.  *See Young*, 1999 U.S. App. LEXIS 27918, at *12

("The Commissioner argues that *Winfrey* is inapplicable to this case because, unlike the situation

there where the hypothetical question to the [VE] did not accurately reflect all of the claimant's

limitations . . . , the one here did.  That valid factual distinction, however, does not diminish

*Winfrey*'s requirement that the ALJ make his own findings on the record, which is required by

the Commissioner's own ruling.  *See* [SSR] 82-62.").

Based on the foregoing, the court concludes that the ALJ erred in her analysis under step

four by failing to make the findings required by SSR 82-62 and *Winfrey*.  Accordingly, the court

will remand this case so that the ALJ can complete the analysis under step four by making those

factual findings.

---

[47] *See* Tr. 315-17.

## CONCLUSION

In summary, the court concludes:

1.    The ALJ did not err with respect to step three of the evaluation process.

2.    The ALJ did not err in her treatment of Plaintiff's treating physician's opinions.

3.    The ALJ did not err with respect to her determination about Plaintiff's credibility.

4.    The ALJ did not err in assessing Plaintiff's RFC.

5.    The ALJ erred in her analysis under step four by failing to make the findings required by SSR 82-62 and *Winfrey*. *See Winfrey*, 92 F.3d at 1025. Accordingly, the court will remand this case so that the ALJ can complete the analysis under step four by making those factual findings.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED:**

1.    This case is **REMANDED** for the sole purpose of allowing the ALJ to complete her analysis under step four by making the findings required by SSR 82-62 and *Winfrey*. *See id*.

2.    All other portions of the Commissioner's decision in this case are **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 26th day of March, 2008.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

21