IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JILL ANDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:06-cv-00698-PMW<br><br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Jill Anderson's ("Plaintiff") motion for attorney fees under the Equal Access to Justice Act (the "EAJA").[1]  *See* 28 U.S.C. § 2412.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Plaintiff's motion is governed by the EAJA, which in relevant part provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

---

[1] *See* docket no. 18.

On March 26, 2008, the court entered a memorandum decision and order remanding this case for the sole purpose of allowing the Administrative Law Judge (the "ALJ") to complete the analysis under step four of the evaluation process by making the findings required by Social Security Ruling ("SSR") 82-62 and *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).[2]  At the same time, however, the court rejected Plaintiff's remaining arguments and affirmed all other portions of the ALJ's decision in this case.[3]

Plaintiff argues that the court's decision to remand this case to the ALJ to make the above-referenced findings demonstrates that Michael J. Astrue's (the "Commissioner") position in this case was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  In response, the Commissioner argues that his position was "substantially justified."  *Id*.  In support of that argument, the Commissioner points to the court's rejection of the great majority of Plaintiff's arguments.  The Commissioner also asserts that even if it was "technically improper"[4] for the ALJ to fail to make the findings required by SSR 82-62 and *Winfrey*, that error was harmless because the ALJ's conclusion at step four of the evaluation process was reasonable.

The court has determined that the Commissioner's arguments are without merit.  Although the court did reject the majority of Plaintiff's arguments, it also determined that the ALJ committed a legal error by failing to make the findings required by SSR 82-62 and *Winfrey*.  Had this court believed that said error was harmless, it would not have remanded the case for the

---

[2] *See* docket no. 16.

[3] *See id*.

[4] Docket no. 19.

ALJ to make the above-referenced findings.  Because the court concluded that the ALJ committed a legal error, it follows that the court cannot conclude that the Commissioner's position in this case was "substantially justified."  28 U.S.C. § 2412(d)(1)(A); *see Chester v. Apfel*, 1 Fed. Appx. 792, 794-95 (10th Cir. 2001) (unpublished) (concluding that the ALJ's failure to make the findings required by *Winfrey* "was a glaring legal error" and that, "[a]s a result, the Commissioner [could] not show that his position was substantially justified").  Accordingly, Plaintiff's motion for attorney fees under the EAJA is **GRANTED**.

The court now turns to several issues relating to the amount of Plaintiff's attorney fee award.  First, in his memorandum in opposition to Plaintiff's motion, the Commissioner asserts that the calculations in the time sheet attached to Plaintiff's motion[5] "are faulty."[6]  While there appear to be several typographical errors in the subtotal line of that time sheet, the court is unable to find any fault with the total requested fees.  In fact, the court's recalculation of the fees yields the same total listed on the time sheet.

Second, the court notes Plaintiff's request for the fees relating to the "additional 1.5 hours" expended in preparing her reply memorandum on the motion before the court.[7]  In the revised time sheet attached to her reply memorandum, however, Plaintiff has included fees for an additional 2.5 hours.[8]  To resolve that inconsistency, the court has determined that it will award

---

[5] *See* docket no. 18, Attachment 1.

[6] Docket no. 19.

[7] Docket no. 20.

[8] *See id.*, Attachment 1.

the fees for the 1.5 hours listed in the text of Plaintiff's reply memorandum. After excluding the fees related to the excess hour, the court's recalculation of Plaintiff's total requested fees renders a total attorney fee award of $3448.55.

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for attorney fees under the EAJA[9] is **GRANTED**.

2. The Commissioner shall pay Plaintiff's attorney fees in the amount of $3448.55 to John J. Borsos, P.C. (87-0435680). That payment shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees and costs in connection with this action.

**IT IS SO ORDERED**.

DATED this 28th day of May, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 18.